```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHRISTOPHER HEFFRAN                  :        CIVIL ACTION
                                     :
             v.                      :
                                     :
JOHN MELLINGER, et al.               :        NO. 05-2229
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        September 17, 2007

Plaintiff, Christopher Heffran, a prisoner at SCI-Graterford, became sickened by fumes while working in the prison's shoe factory.  Plaintiff alleges that various prison officials ignored his well-being and failed to render the working conditions safe or provide him with timely and appropriate medical care.  After extensive discovery, the remaining defendants have moved for summary judgment.  Both plaintiff and defendants have submitted well-reasoned legal briefs and voluminous exhibits. I conclude that because the actions or inactions of Defendants amounted at most to negligence, the case must be dismissed.

The facts, viewed in the light most favorable to plaintiff, reveal that the manufacturing process, in particular the process for making rubber soles, generates potentially harmful vapors.  For a time, the exhaust system failed to vent the fumes adequately.  There were attempts to pinpoint the problem, with no immediate result.  After several months the ventilation system

was repaired in anticipation of an air quality test and the test revealed levels in one worker above OSHA limits.  During the time the ventilation system malfunctioned plaintiff repeatedly requested respirators, but the workers in the shoe factory were not fitted for the respirators until after plaintiff transferred to work in the hobby shop. Plaintiff also alleges that when the workers' original protective jumpsuits frayed, they were given inferior replacements that did not keep off the dust.  When he became ill from the dust and fumes, plaintiff received what he perceived to be untimely and insufficient care.

I do not accept defendants' arguments that by working in the shoe factory instead of transferring to another prison job sooner, plaintiff volunteered to be exposed to potentially dangerous conditions.  Nonetheless, on the record before me, there is insufficient evidence for a jury to conclude that the actions of prison officials rose above the level of simple negligence.  See Bagola v. Kindt, 131 F.3d 632, 645(7th Cir. 1997).  Although the prison officials could have acted more promptly, the evidence does not support a finding that they were deliberately indifferent to the conditions in the shoe factory or to plaintiff's health.

An order follows.

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER HEFFRAN              :       CIVIL ACTION
                                 :
              v.                 :
                                 :
JOHN MELLINGER, et al.           :       NO. 05-2229
```

**O R D E R**

AND NOW, this 17th day of September 2007, upon consideration of the Commonwealth Defendants' Motion for Summary Judgment and the response thereto,

IT IS hereby ORDERED that the Motion is GRANTED.  Judgment is ENTERED IN FAVOR OF DEFENDANTS, John Mellinger, Jacob Caracappa, Gerald Arasin, Mark Atkinson, Mark okolski, and Correctional Industries, and AGAINST PLAINTIFF, Christopher Heffran.  The Clerk is directed to mark the case-file CLOSED.

BY THE COURT:


/s/ John P. Fullam
Fullam,         Sr. J.